# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SOCIAL POSITIONING INPUT SYSTEMS, LLC, | § § § |
| Plaintiff, | § |
| | §  Case No: 3:21-CV-11630-FLW-TJB |
| vs. | § |
| | §  Jury Trial Demanded |
| RAPIDSOFT SYSTEMS, INC., | § § § |
| Defendant. | § § § |

## RAPIDSOFT SYSTEMS INC.'s ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Rapidsoft Systems Inc. ("Rapidsoft" or "Defendant") files this Answer, Affirmative Defenses and Counterclaims to the First Amended Complaint filed by Social Positioning Input Systems, LLC ("SPIS" or "Plaintiff"). Rapidsoft denies each and every allegation in Plaintiff's Complaint that is not expressly admitted or explained herein, and further responds to Plaintiff's allegations as follows:

## PARTIES AND JURISDICTION

1. Rapidsoft admits that Plaintiff filed a civil action against Rapidsoft. Rapidsoft denies that Plaintiff's claims have merit and expressly denies that it has infringed any valid claim of the patent asserted in the Complaint.

2. Rapidsoft admits that this Court has subject matter jurisdiction over patent infringement actions under 28 U.S.C. §§ 1331 and 1338(a). Rapidsoft denies that Plaintiff's claims have merit and expressly denies that it has infringed any valid claim of the patent asserted in the Complaint.

| 1

3. Rapidsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies all allegations.

4. Rapidsoft admits it is a New Jersey corporation. Rapidsoft denies the remaining allegation in this paragraph.

5. Rapidsoft admits that this Court has personal jurisdiction over Rapidsoft. Rapidsoft denies that Plaintiff's claims have merit and expressly denies that it has infringed any valid claim of the patent asserted in the Complaint.

6. Rapidsoft denies all allegations in this paragraph.

## VENUE

7. Rapidsoft admits that it conducts business in this District, but denies all other allegations in this paragraph. Rapidsoft denies that Plaintiff's claims have merit and expressly denies that it has infringed any valid claim of the patent asserted in the Complaint.

## COUNT I

### (ALLEGED) INFRINGEMENT OF UNITED STATES PATENT NO. 9,261,365

8. Rapidsoft incorporates by reference its responses to the allegations contained in paragraphs 1 to 7 of the Complaint.

9. Rapidsoft admits that Plaintiff has filed a civil action alleging patent infringement. Rapidsoft denies that Plaintiff's claims have merit and expressly denies that it has infringed any valid claim of the patent asserted in the Complaint.

10. Rapidsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies all allegations.

11. Rapidsoft denies the allegation in this paragraph. The '365 Patent is not attached to the Complaint. Instead, attached to the Complaint is a patent application publication, specifically U.S. Pat. Appl. Publ. No. 2014/0012496.

12. Rapidsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies all allegations.

13. Rapidsoft denies all allegations in this paragraph. Rapidsoft denies that Plaintiff's claims have merit and expressly denies that it has infringed any valid claim of the patent asserted in the Complaint.

14. Rapidsoft admits that screenshots from a website are shown but denies all allegations in this paragraph. Rapidsoft denies that Plaintiff's claims have merit and expressly denies that it has infringed any valid claim of the patent asserted in the Complaint.

15. Rapidsoft admits that screenshots from a website are shown but denies all allegations in this paragraph. Rapidsoft denies that Plaintiff's claims have merit and expressly denies that it has infringed any valid claim of the patent asserted in the Complaint.

16. Rapidsoft admits that screenshots from a website are shown but denies all allegations in this paragraph. Rapidsoft denies that Plaintiff's claims have merit and expressly denies that it has infringed any valid claim of the patent asserted in the Complaint.

17. Rapidsoft admits that screenshots from a website are shown but denies all allegations in this paragraph. Rapidsoft denies that Plaintiff's claims have merit and expressly denies that it has infringed any valid claim of the patent asserted in the Complaint.

18. Rapidsoft denies all allegations in this paragraph. Rapidsoft denies that Plaintiff's claims have merit and expressly denies that it has infringed any valid claim of the patent asserted in the Complaint.

19. Rapidsoft denies all allegations in this paragraph. Rapidsoft denies that Plaintiff's

claims have merit and expressly denies that it has infringed any valid claim of the patent asserted in the Complaint.  Upon information and belief, Plaintiff is a non-practicing entity whose only location is, as stated in Paragraph 3 of the Complaint, a "virtual office".  Based on the Complaint, Rapidsoft is unaware of any possible irreparable harm a non-practicing entity can suffer.

20. Rapidsoft lacks knowledge or information sufficient to form a belief as to whether Plaintiff is in compliance and therefore denies all allegations.  Rapidsoft denies that Plaintiff's claims have merit and expressly denies that it has infringed any valid claim of the patent asserted in the Complaint.

## [PLAINTIFF'S] PRAYER FOR RELIEF

To the extent a response is necessary, Rapidsoft denies that Plaintiff is entitled to any relief whatsoever, whether as sought in the Prayer for Relief of its Complaint or otherwise, in connection with this civil action.

## AFFIRMATIVE DEFENSES

1. Rapidsoft asserts the defenses below based on knowledge as to its own actions and on information and belief with respect to the actions of others.  By doing so, Rapidsoft does not concede that any of the following must necessarily be pleaded as affirmative defenses or that any of the following is not already at issue by virtue of the forgoing denials.  These defenses are based on an investigation that is not yet complete and without the benefit of full discovery.  Rapidsoft reserves its rights to plead additional defenses as discovery and further investigation occur in this case.

## FIRST AFFIRMATIVE DEFENSE
## NON-INFRINGEMENT OF THE ASSERTED CLAIMS

2. Rapidsoft does not and has not infringed, directly or indirectly, literally or under the

doctrine of equivalents, any purportedly valid and enforceable claim of the asserted patent.

## SECOND AFFIRMATIVE DEFENSE
## INVALIDITY OF THE ASSERTED CLAIMS

3. Each asserted claim is invalid for failure to comply with one or more requirements of Title 35, United States Code, including without limitation the provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 120, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE
## NO EQUITABLE RELIEF

4. Plaintiff is not entitled to equitable relief, including but not limited to Plaintiff's request for injunctive relief, as Plaintiff has an adequate remedy at law and cannot show that Plaintiff has or will suffer any immediate or irreparable harm from Rapidsoft's actions.

## FOURTH AFFIRMATIVE DEFENSE
## LIMITATION ON DAMAGES

5. Plaintiff is not entitled to enhanced damages under 35 U.S.C. § 284 or attorneys' fees pursuant to 35 U.S.C. § 285 as Plaintiff's case against Defendant is not an exceptional case. Plaintiff's claims and prayer for relief are also barred in whole or in part by 35 U.S.C. §§ 286, 287, and/or 288.

## FIFTH AFFIRMATIVE DEFENSE
## PROSECUTION HISTORY ESTOPPEL AND/OR DISCLAIMER

6. By reason of the proceedings in the USPTO during the prosecution of applications that resulted in the Patent-in-suit, and by reason of the admissions and representations made, Plaintiff is estopped from construing the claims of the '365 patent to cover any device or act of Rapidsoft.

## OTHER DEFENSES

7. Rapidsoft's investigation of its defenses is continuing. Rapidsoft reserves the right to allege and assert any additional affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defense, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case. To the extent applicable, Rapidsoft also incorporates by reference herein all defenses pled by defendants in other actions against Plaintiff involving the asserted patent.

## COUNTERCLAIMS

Without admitting any of Plaintiff's allegations other than those expressly admitted herein, and without prejudice to the rights of Rapidsoft to plead additional Counterclaims as the facts of the matter warrant, Rapidsoft asserts the following Counterclaims against Plaintiff.

## THE PARTIES

1. Counter-plaintiff Rapidsoft is a corporation organized and existing under the laws of New Jersey, with its registered office at 7 Diamond Ct., Princeton Junction, New Jersey 08550.

2. Upon information and belief and as listed in the Complaint, Counter-defendant SPIS is a Texas limited liability company with a virtual office located at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

## JURISDICTION AND VENUE

3. This is a claim for declaratory judgement of patent non-infringement of U.S. Pat. No. 9,261,365.

4. These counterclaims arise under the Federal Declaratory Judgement Act and the patent laws of the United States, and more particularly, under Title 28 U.S.C. §§ 2201 and 2202,and Title

| 6

35 U.S.C. § 101, *et seq.*, respectively. Jurisdiction is based on 28 U.S.C. §§ 1337 and 2201.

5. The pending litigation and disputes herein between Rapidsoft and SPIS establish an existing and actual case and controversy regarding, *inter alia*, whether Rapidsoft infringes any claim of the asserted patent identified in Plaintiff's Complaint and whether those asserted claims are valid.

6. SPIS is subject to personal jurisdiction in this judicial district because they filed this action in this judicial district, thereby availing themselves of the rights and privileges of this forum.

7. Venue for these counterclaims is proper in this district under 28 U.S.C. § 1391(b).

8. On May 21, 2021, Plaintiff SPIS filed the Complaint alleging infringement of the asserted patent by Rapidsoft.

9. In the Complaint, Plaintiff SPIS purport to own substantial rights of the asserted patents.

10. An actual and justiciable controversy exists between Rapidsoft and SPIS under 28 U.S.C. §§ 2201 and 2202 with respect to infringement and validity of the asserted patents.

## COUNT I

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,261,365

11. Rapidsoft alleges and incorporates preceding Paragraphs 1-10 of its Counterclaims as if fully set forth herein.

12. Rapidsoft has not infringed and does not infringe (either literally or under the doctrine of equivalents) any claim of the '365 Patent. For example, Rapidsoft does not make, use, offer for sale, sell, or import devices that have each claim limitation of any claim of the '365 Patent.

13. Rapidsoft does not infringe at least Claim 1 of the '365 Patent and the dependent claims 2-7 dependent thereon because, *inter alia*, Plaintiff has not stated a plausible allegation that any system employed by Rapidsoft practices: "sending a request from a requesting positional

information device to a server for at least one address stored in at least one sending positional information device, the request including a first identifier of the requesting positional information device"; and "receiving at the requesting positional information device, from the server, a retrieved at least one address to the requesting positional information device wherein the server determines a second identifier for identifying the at least one sending positional information device based on the received first identifier and retrieves the requested at least one address stored in the identified at least one sending positional information device".  Rapidsoft does not infringe at least Claim 8 of the '365 Patent and the dependent claims 9-15 dependent thereon because, *inter alia*, Plaintiff has not stated a plausible allegation that any system employed by Rapidsoft has a requesting positional information device that "sends a request to a server for the at least one address stored in the at least one sending positional information device, the request including a first identifier of the requesting positional device" or "receives the retrieved at least one address from the server such that the server determined a second identifier for identifying at least one sending positional information device based on the received first identifier, and the server retrieved the requested at least one address stored in the at least one sending positional information device".  No system employed by Rapidsoft performs any of these steps.

14. Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Rapidsoft requests a declaration that Rapidsoft has not directly or indirectly infringed any claim of the '365 Patent.

15. The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving the claims of infringement made by Plaintiff SPIS in the Complaint.

## COUNT II

## DECLARATORY JUDGMENT OF
## INVALIDITY OF U.S. PATENT NO. 9,261,365

16. Rapidsoft realleges and incorporates preceding Paragraphs 1-14 of its Counterclaims as if fully set forth herein.

17. Each claim of the '365 Patent is invalid for failure to satisfy one or more of the conditions of patentability under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, including §§ 101, 102, 103, 112, 116, and/or 120.

18. For example, at least Claim 1 of the '365 Patent and its dependent claims 2-7 are invalid under 35 U.S.C. § 112 because, *inter alia*, the claims require first "sending a request from a requesting positional information device to a server for at least one address stored in at least one sending positional information device" and then "receiving at the requesting positional information device, from the server, a retrieved at least one address to the requesting positional information device wherein the server determines a second identifier for identifying the at least one sending positional information device based on the received first identifier and retrieves the requested at least one address stored in the identified at least one sending positional information device."  However, with regards to a server resolving anything based on that received first identifier, the specification only describes a server "utiliz[ing] a standard database lookup program, based on the received identifier, to find out information on the user's device …" when a user is using a client application program on a local computer (i.e., not a positional information device) to easily copy address information from one device owned by the user to another device also owned by the user. *See, e.g.*, '365 patent, col. 10, lines 9-61.  Using one positional information device to request information from a second positional information device was neither described nor enabled by the '365 patent.  Claim 8 of the '365 Patent and its dependent claims 9-15 are similarly invalid under 35 U.S.C. § 112 as they have the same deficiencies as claims 1-7.

19. As another example, the '365 Patent is invalid under 35 U.S.C. § 101 for failure to claim patent-eligible subject matter. The claims of the '365 Patent are directed to the abstract idea of sharing address information. But sharing address information is not a technological improvement, an inventive way of applying conventional technology, or even new, as this Court found in a similar case. *See Wireless Media Innovations, LLC v. Maher Terminals, LLC*, 100 F. Supp. 3d 405 (D.N.J. 2015) (finding similar claims directed to the abstract idea of "monitoring **locations**, movement, and load status of shipping containers within a container-receiving yard, and storing, reporting and **communicating this information** in various forms through generic computer functions") (emphasis added). The claims of the '365 Patent are not directed to an improvement in computer functionality. Rather, they are directed to "the use of conventional or generic technology in a nascent but well-known environment." *In re TLI Commc'ns LLC Patent Litig*., 823 F.3d 607, 612, 614 (Fed. Cir. 2016) ("[H]ere we need to only look to the specification, which describes the [components] as either performing basic computer functions such as sending and receiving data, or performing functions 'known' in the art."). No particular non-conventional component or programming is either claimed or disclosed. Social Positioning's patent does no more than describe the basic idea of sending and receiving information related to addresses without disclosing any novel application of that idea. Instead, the approach for sharing address information described in the '365 Patent may be implemented using generic and conventional technology such as "communication protocols or systems currently existing . . . for wirelessly transmitting data." '365 Patent at 7:4-5. Indeed, the '365 Patent's specification makes clear that it does not make use of any novel components. *Id*. at 5:67-6:2 ("[s]uch input devices are standard and currently available on many electronic devices including portable digital assistants (PDAs) and cellular telephones."); 6:19-20 ("any other memory storage that exists currently"); *id*. at 7:20-21 ("conventional code encryption algorithms currently in use"); *id*. at 8:10-12 ("identity detection devices such as biometric devices are common and are currently

widely in use"). Therefore, the '365 Patent is invalid under 35 U.S.C. § 101 for failure to claim patent-eligible subject matter (because resolving these issues does not require discovery or formal claim construction, to avoid waste of judicial and party resources unnecessarily litigating invalid patents, the Court could dismiss the Complaint for failure to state a claim. FED. R. CIV. P. 12(b)(6)).

20. Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Rapidsoft requests a declaration that that the asserted claims are invalid for failing to comply with the requirements of United States Code, Title 35.

21. The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving the claims of infringement made by Plaintiff SPIS in the Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Rapidsoft respectfully requests that this Court:

A. Enter judgment against Plaintiff SPIS, denying all relief requested in the Complaint and dismissing the Complaint with prejudice;

B. Enter judgment in favor of Rapidsoft on all of its counterclaims;

C. Declare that Rapidsoft does not infringe and has not infringed any valid or enforceable claim of the asserted patents;

D. Declare that each claim of United States Patent No. 9,261,365 is invalid;

E. Declare that the Complaint is frivolous under NJ Rev Stat § 2A:15-59.1 (2013) and award all reasonable litigation costs and reasonable attorney fees;

F. Enter judgment that this case is exceptional under 35 U.S.C. § 285 and award Rapidsoft its costs, expenses, and reasonable attorneys' fees; and

G. Award any further relief in favor of Rapidsoft that the Court may deem just and proper.

**DEMAND FOR A JURY TRIAL**

Rapidsoft demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to Federal Rule of Civil Procedure 38.

Respectfully submitted,

Dated: October 12, 2021

By: /s/ *Thomas F. Meagher*
MEAGHER EMANUEL LAKS
GOLDBERG & LIAO, LLP
Thomas F. Meagher
tmeagher@meagheremanuel.com
Michael D. Loughnane
mloughnane@meagheremanuel.com
Alan Christopher Pattillo
cpattillo@meagheremanuel.com
One Palmer Square
Suite 325
Princeton, NJ 08542
Tel: (609) 454-3500

Attorneys for Rapidsoft Systems Inc.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 12, 2021, I electronically filed the foregoing with the Clerk of the United States District Court for the District of New Jersey through the CM / ECF system, thereby automatically serving all registered parties.

                                        /s/ Thomas F. Meagher
                                        MEAGHER EMANUEL LAKS
                                        GOLDBERG & LIAO, LLP